out advertisement and below par. They are given this broad power to protect the faith and credit of the city.

It might be disastrous to the financial standing of a city which has an obligation to meet, to wait until bonds are advertised or until par or higher can be obtained for them. That case is not in point here, because the power of the trustees in acquiring bonds was not before the court.

The court thinks that a proper construction of all the sections of the statute bearing on the subject is, that the bonds of a city must be offered to the sinking fund trustees in their official capacity; if they have sufficient money in hand to invest in them, and see fit to do so, they may take the bonds. If they have not sufficient money to invest in them, it is then their duty to decline them. If they and all the other officers designated by statute refuse the bonds, it then becomes the duty of the city council to advertise them for public sale.

For the foregoing reasons the court is of the opinion the sinking fund trustees never obtained title to said bonds and are not entitled to their possession. The city council is entitled to their possession to proceed with them in accordance with the statute.

The injunction will be made perpetual.

---

## ENFORCEMENT OF JUDGMENT NOTWITHSTANDING BOND TO STAY PROCEEDINGS.

Common Pleas Court of Hamilton County.

ROBERT BUCK v. CINCINNATI TRACTION CO.

Decided, June 6, 1913.

*Judgment—Enforcement of, Where Bond Has Been Given—Will Not be Permitted, Unless—Section 12269.*

An application for leave to give a restitution bond and enforce the judgment, notwithstanding a bond has been given to stay proceedings, will not be granted, unless it appear upon the face of the record or is otherwise brought to the attention of the court that the only purpose of the defendant below in taking the case to a higher court is to harass the plaintiff and without cause deprive him of the

fruits of his victory by exhausting his resources and withholding from him that to which he may be justly entitled. Such an application should be made to the judge who tried the case rather than to one who is a stranger to the merits of the controversy and the demands of justice as presented thereby.

*Albert D. Alcorn* and *Robert S. Alcorn*, for plaintiff.
*Kinkead & Rogers*, contra.

NIPPERT, J.

Plaintiff in this case seeks to enforce a judgment in his favor notwithstanding the filing of a bond by defendant to stay proceedings.

Section 12269, General Code, reads as follows:

"In an action on contract for the payment of money only or for injuries to the person, if the defendant in error gives adequate security to make restitution in case the judgment be reversed or modified, on leave obtained from the court below or a judge thereof in vacation, he may enforce the judgment notwithstanding the bond to stay proceedings," etc.

It is apparent that the application of this section lies within the discretion of the court and must not be acted upon arbitrarily, but within reason and justice as the facts in each case may demand.

Should it be apparent upon the face of the record, or from other indications brought to the attention of the court, that the only purpose of the defendant below in taking the case to the higher court is to annoy, harass, or, without good cause or reason deprive the plaintiff of the fruits of his victory, and by continued litigation exhaust the resources of the plaintiff or exhaust his physical or financial ability to continue the battle for what he may claim are his rights under the law, and where there is a palpable and unmistakable intention to withhold from the plaintiff below that to which he may justly seem to be entitled, it is then and then only that the court ought to avail itself of the power and authority granted it by the Legislature under the statutory enactment above set out.

The petition in this case was filed December 5, 1911, and within a year, to-wit, December 4, 1912, the action was tried,

and on December 6, 1912, a judgment was returned in favor of the plaintiff for $1,000. A motion for a new trial was filed and overruled on December 23, 1912. On January 25, 1913, a bill of exceptions was filed and same was allowed on February 8, 1913. On February 14, 1913, error to the Common Pleas Court of Hamilton County was prosecuted, and all transcripts, original pleadings, entries, etc., were filed in the court of appeals, first appellate district of Ohio, on February 26, 1913. Thereupon plaintiff below, by his attorney, filed a motion in the common pleas court asking the court to enforce the judgment of $1,000 upon plaintiff giving adequate security to make restitution in case the judgment rendered in said case be reversed or modified.

There is nothing apparent on the docket to show that there had been unusual or unnecessary delay on part of the defendant below to bring this cause to an early determination in the court below, and the dispatch with which the defendant below proceeded with the case to the court of appeals does not sustain any charge of delay such as might justify the court to invoke the extraordinary power granted it under Section 12269, General Code.

A supersedeas bond having been given and the execution stayed, it is now the duty of the plaintiff below, desiring to enforce his judgment under Section 12269, General Code, to show reasons why such a supersedeas bond should be nullified by this court by authorizing a restitution bond and issuing execution to enforce the judgment below.

As stated above, the court can find no just reason, upon the inspection of the record, why such unusual remedy should be permitted in this case. In the first place, the appearance docket shows, as set out above, that the action has been prosecuted with more than usual dispatch and that there has been no unnecessary delay in prosecuting error and docketing the case in the court of appeals. The brief for plaintiff in error was printed and in the hands of the court within two weeks from the day the petition in error was filed.

Coming now to examine the merits of the case itself, there is a question in the mind of the court whether it is proper for

a judge other than the one who heard the controversy itself in the first instance to grant or refuse leave to enforce the judgment.

Judge Gholson, as early as 1855, in case of *Valley Bank* v. *West*, 2 Han., 62, stated that the tribunal which decided the controversy, being the one best acquainted with the merits of the case and the demands of justice, is the one best fitted to exercise this discretion and the very selection of the tribunal shows to a certain extent by what principles that discretion is to be governed.

Counsel in this case and the trial judge seem to think that the motion is of such a nature as to bring it properly within the work assigned to this particular court room, under the head of "miscellaneous matters," and this court being thus charged with the obligation of acquainting itself with the merits and the demands of justice in this action, it is necessary to examine the evidence, testimony of witnesses, in fact, the entire record of the case, and to some extent pass upon this case as though it came to this court on a motion for a new trial.

The court believes with Judge Gholson that the tribunal which is best acquainted with the merits of the case is the one who should be called upon to exercise its discretion, and it is the trial judge before whom the controversy was decided in the first instance and where judgment was rendered who ought to in the opinion of this court grant or refuse the application for a restitution bond.

However, under the circumstances, this matter having been brought into this court, though of concurrent jurisdiction with that of the trial judge, the court finds after carefully examining the record, the briefs and the authorities therein cited, that no such reason exists as would justify this court to grant leave to the plaintiff below to enforce his judgment by giving a restitution bond, and plaintiff's application is therefore refused.